# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

NIGEL FREDERICKS,

        Plaintiff,        CASE NO. 07-CV-11773

v.        PAUL D. BORMAN
        UNITED STATES DISTRICT JUDGE

THOMAS F. MOORE,

        Defendant.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

This matter is before the Court on Plaintiff Nigel Frederick's ("Plaintiff") *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff, who is currently incarcerated at the Riverside Correctional Facility in Ionia, Michigan, alleges that Defendant Thomas F. Moore ("Defendant") violated his constitutional rights through Defendant's testimony at Petitioner's parole violation hearing and in the preparation of a parole violation report. Plaintiff is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). After careful consideration, the Court dismisses Plaintiff's complaint, pursuant to 28 U.S.C. § 1915(e)(2),[1] because Plaintiff fails to state a claim upon which relief may be granted.

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996)

---

[1] 28 U.S.C. § 1915(e)(2) provides, in pertinent part:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
. . .
(B) the action or appeal –
. . .
(ii) fails to state a claim upon which relief may be granted . . .

("PLRA"), before service in a civil action in which a prisoner seeks redress from an officer or employee of a governmental entity, the Court is required *sua sponte* to identify and to dismiss claims which are frivolous or malicious, fail to state a claim upon which relief can be granted, or seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § § 1915A(a) & 1915(e)(2).

Plaintiff names a single defendant in this action, parole agent Thomas F. Moore. Plaintiff states that, at his parole violation hearing, Moore introduced a letter into evidence purportedly written by Plaintiff. Plaintiff argues that the letter, in fact, was not written by him. He also appears to take issue with the parole violation report prepared by Moore, although Plaintiff fails to specifically identify the alleged problems with the report. Plaintiff seeks monetary damages.

Under the facts alleged by Plaintiff, Defendant is immune from suit. Probation officers enjoy absolute immunity from liability for actions taken in connection with their official duties as probations officers, such as the preparation of reports. *See Horton v. Martin*, 137 Fed. Appx. 773, 774 (6th Cir. June 7, 2005) (unpublished); *Holland v. O'Hair*, 142 F.3d 446, 1998 WL 152743, *1 (6th Cir. Mar. 26, 1998) (unpublished); *see also Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (probation officers who prepare presentence reports are closely associated with the judicial function and entitled to absolute immunity).

In addition, to the extent that Plaintiff challenges the revocation of parole, he may not do so under § 1983. A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). A finding that Plaintiff's parole was improperly revoked would necessarily imply the invalidity of his continued confinement. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held

such claims to be improper under § 1983:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 486-87; *see Schilling v. White*, 58 F.3d 1081, 1085 (6th Cir. 1995) (holding that "in order to recover damages for allegedly unconstitutional conviction or imprisonment . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus").

Plaintiff's parole revocation has not been overturned or declared invalid. Accordingly, Plaintiff may not challenge the revocation of his parole under § 1983.

For the foregoing reasons, pursuant to 28 U.S.C. § § 1915A(a) & 1915(e)(2), the Court **DISMISSES** Plaintiff's Complaint.

**SO ORDERED.**

                                        s/Paul D. Borman
                                        PAUL D. BORMAN
                                        UNITED STATES DISTRICT JUDGE

Dated: June 8, 2007

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on June 8, 2007.

                                        s/Denise Goodine
                                        Case Manager